# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| DANIEL HENDERSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | PRISONER |
| v. | : | No. 3:10cv1585 (MRK) |
| | : | |
| RICHARD V. ACKERSON, | : | |
| PHILIP A. SCARPELLINO, | : | |
| | : | |
| Defendants. | : | |

## <u>INITIAL REVIEW ORDER</u>

The Court received *pro se* Plaintiff Daniel Henderson's Complaint [doc. # 1] on October 6, 2010. Mr. Henderson, who is currently incarcerated at Cheshire Correctional Institution in Cheshire, Connecticut, seeks relief under 42 U.S.C. § 1983 against two Defendants: Richard V. Ackerson, the Supervisory Assistant Public Defender for Meriden; and Connecticut Superior Court Judge Philip A. Scarpellino. Mr. Henderson sues Mr. Ackerson for damages in both his official and individual capacities. However, he sues Judge Scarpellino only for injunctive relief in his official capacity.

Under 28 U.S.C. § 1915A, this Court must "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *Id.* § 1915A(a). The Court must dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b). For the reasons set forth below, the Court concludes that Mr. Henderson fails to state any federal law claim upon which relief may be granted at this time; declines to exercise supplemental jurisdiction over Mr. Henderson's state law claims; and dismisses the Complaint without prejudice.

# I.

The Court assumes the parties' familiarity with the facts of this case, and sets forth only those facts that are necessary for purposes of reviewing the sufficiency of Mr. Henderson's Complaint as required under § 1915A. As it must, the Court assumes that Mr. Henderson's factual allegations are true, and draws all reasonable inferences from those allegations in favor of Mr. Henderson. *See Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).

This case arises from Mr. Henderson's criminal prosecution in the Connecticut Superior Court. Mr. Henderson's prosecution began in New Britain. In December 2009, Mr. Henderson was found indigent and a public defender was appointed to represent him. The next month, however, Mr. Henderson's case was transferred from New Britain to Meriden. The Meriden Public Defender's Office had an internal policy of excluding from its services any criminal defendant who posted a bond in excess of $50,000. Because Mr. Henderson's mother had posted a $380,000 bond on his behalf, Mr. Henderson was denied the services of a public defender.

Mr. Henderson repeatedly requested the services of a public defender, but his requests were denied. For example, on May 24, 2010, Mr. Henderson submitted an Affidavit of Indigency to Mr. Ackerson. Instead of presenting the Affidavit to the Superior Court as it had been submitted to him, Mr. Ackerson informed the court that Mr. Henderson owned property and had recently sold that property for a "substantial amount" of money. Based on Mr. Ackerson's representation, Judge Scarpellino denied Mr. Henderson's request for the services of a public defender. Judge Scarpellino further determined that, because Mr. Henderson had not yet retained counsel, he had waived his right to counsel. When Mr. Henderson later requested a copy of his Affidavit of Indigency from the Meriden Public Defender's Office, he was told that it had been destroyed.

After Judge Scarpellino denied Mr. Henderson's request, Mr. Henderson entered pleas of *nolo contendere* to several charges. Judge Scarpellino sentenced Mr. Henderson to a total effective term of 54 months imprisonment. Mr. Henderson then moved for the court to release him on bail and correct his sentence as illegal due to the fact that he had been denied the services of a public defender. Judge Scarpellino denied Mr. Henderson's motion on June 18, 2010.

Mr. Henderson's Complaint in this case is dated September 1, 2010; the Court received it on October 6, 2010. Mr. Henderson seeks damages under § 1983 from Mr. Ackerson for denial of his Sixth Amendment right to counsel, his Fourteenth Amendment right to due process, and his Fourteenth Amendment right to equal protection. He also seeks state tort damages from Mr. Ackerson for false statements, false imprisonment, unlawful restraint, and negligence. Mr. Henderson also asks the Court to order Judge Scarpellino to immediately release him from the Cheshire Correctional Institution, either on bail or on his own recognizance.

## II.

In reviewing the sufficiency of a complaint under § 1915A, the Court must assume the truth of the plaintiff's factual allegations and draw all reasonable inferences from those allegations in the plaintiff's favor. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim to relief is plausible on its face "when the plaintiff pleads fact[s] . . . that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009).

The *Twombly* and *Iqbal* pleading standard applies in cases involving *pro se* plaintiffs as well as in cases involving represented plaintiffs. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 1999).

Even after *Twombly*, however, the Court must construe the pleadings of *pro se* litigants liberally to "raise the strongest arguments [they] suggest[]." *Abbas*, 480 F.3d at 639. This is so because "[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* at 639 (2d Cir. 2007) (quotation marks omitted); *see also Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005).

## III.

The Court begins with Mr. Henderson's claim against Judge Scarpellino. The only relief Mr. Henderson seeks against Judge Scarpellino is an order to release him from prison. It is well established that a state prisoner may *only* seek release from prison in a federal court by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). A state prisoner may not seek release from prison through a civil rights action under § 1983. *See id.*

The Court declines to construe Mr. Henderson's § 1983 Complaint as a petition for writ of habeas corpus under § 2254. Mr. Henderson does not allege that he has attempted to challenge his conviction before the Connecticut Supreme Court, and the Court is therefore unable to ascertain whether Mr. Henderson has exhausted his state court remedies – a prerequisite to filing a petition for writ of habeas corpus in federal court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Indeed, as Mr. Henderson's case was still before the Connecticut Superior Court as recently as five months ago, it seems highly doubtful that he has exhausted his state court remedies. Accordingly, Mr. Henderson's claim against Judge Scarpellino is dismissed without prejudice to his filing of a § 2254 habeas petition after he has exhausted his state court remedies.

## IV.

The Court next turns to Mr. Henderson's claims against Mr. Ackerson. Mr. Ackerson is a public defender. The Supreme Court has held that "a public defender does not qualify as a state actor when engaged in his general representation of a criminal defendant," *Georgia v. McCollum*, 505 U.S. 42, 53 (1992), but Mr. Henderson does not allege that Mr. Ackerson represented him. Instead, Mr. Henderson alleges that Mr. Ackerson was responsible for reviewing his Affidavit of Indigency and representing to the trial court whether Mr. Henderson was entitled to the services of a public defender. Whether a public defender who is *not* engaged in his general representation of a criminal defendant depends on the nature and context of the function he is performing. *Id.* at 54. The Court assumes for purposes of argument that Mr. Ackerson was indeed a state actor here.

Even assuming that Mr. Ackerson was a state actor and that Mr. Ackerson denied Mr. Henderson's federal constitutional rights as Mr. Henderson claims, the Court could not grant Mr. Henderson any relief at this time. In order to recover damages for an allegedly unconstitutional conviction or sentence, or for any other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that his underlying conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If Mr. Henderson were to prevail on any of his federal claims here, the validity of his conviction and sentence would necessarily be called into question. As the Court has no reason to believe that Mr. Henderson's underlying conviction or sentence has been reversed or otherwise called into question, his federal law claims against Mr. Ackerson are barred by *Heck*. *See id.* Those claims are dismissed without prejudice to Mr.

Henderson's filing of a § 1983 action should his conviction or sentence later be reversed or otherwise called into question.

## V.

In sum, after reviewing Mr. Henderson's Complaint as required under 28 U.S.C. § 1915A, the Court concludes that Mr. Henderson has not stated any federal law claim on which relief may be granted at this time. The Court therefore dismisses Mr. Henderson's federal claims without prejudice. Because the Court has dismissed all of the federal law claims in Mr. Henderson's Complaint, the Court declines to exercise supplemental jurisdiction over his remaining state law claims. *See* 28 U.S.C. § 1367; *see, e.g.*, *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001). Mr. Henderson's Motion for Appointment of Counsel [doc. # 3] and Motion for Temporary Restraining Order and Preliminary Injunction [doc. # 4] are both DENIED as moot.

**The Clerk is directed to enter judgment for Defendants and to close this file.** The Court determines that any appeal from this Initial Review Order would not be taken in good faith, and therefore declines to issue a certificate of appealability.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: November 5, 2010.**